IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

KAREN SHIPLEY                                                                                    PLAINTIFF

v.                              CIVIL NO. 04-3041

JO ANNE B. BARNHART, Commissioner
Social Security Administration                                                                DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Karen Shipley appealed the Commissioner's denial of benefits to this court. On June 30, 2005, judgment was entered remanding plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. # 6). Plaintiff now moves for an award of $2,372.52 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 15.50 hours of work before the court at an hourly rate of $140.00, and $202.52 in expenses. (Doc. # 7-10). Defendant has filed a response, objecting to certain hours claimed by plaintiff's counsel. (Doc.# 11).

**§ 406 Fees:**

Statutory provision for the award of attorney's fees is found in 42 U.S.C. § 406(b)(1). We find this request is premature, in that there has been no submission of evidence indicating plaintiff has been successful upon remand and has been awarded benefits from which an appropriate fee may be paid. The fee awarded an attorney under 42 U.S.C. § 406 is paid out of any past-due benefits to which the claimant is entitled. See 42 U.S.C. § 406(a), (b); 20 C.F.R. § 404.1720(b)(4).

**EAJA Fees:**

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). After reviewing the file, we find plaintiff is a prevailing party in this matter. Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D.Ohio 1985). Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id. See also*, *Cornella v. Schweiker,* 728 F.2d 978 (8th Cir.1984).

AO72A
(Rev. 8/82)

In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984).

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988). The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir.1991), quoting *Cotter v. Bowen, 879 F.2d 359, 361 (8th Cir.1989).* The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th Cir.1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

3

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for EAJA fee awards from $75.00 to $125.00 per hour. *See* 28 U.S.C. § 2 412(d)(2)(A).

Plaintiff's counsel requests attorney's fees under EAJA at a rate of $140.00 an hour based on an increase in the cost of living. Attorney's fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)92)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour," such as a copy of the Consumer Price Index. Plaintiff's counsel has attached a summary of the Consumer Price Index as an exhibit to his Memorandum of Law (Doc. # 8) and has presented evidence of an increase in the cost of living. Therefore, the undersigned believes his argument for enhanced fees based on a cost of living increase has merit. Accordingly, we find that plaintiff's counsel is entitled to an award at the rate of $140.00 per hour.

As to the number of hours plaintiff's counsel seeks compensation, defendant objects to the time submitted for duties generally completed by office staff. Plaintiff's counsel submitted 0.25 our on June 18, 2004, (received and reviewed file-marked copy of Complaint. Review of file), from which we deduct 0.25 hour; 0.75 hour on June 22, 2004, (letters to U.S. Attorney, Attorney General, and Commissioner enclosing complaint. Review of file), from which we

4

deduct 0.75 hour; 0.25 hour on June 23, 2004, (letter to Clerk enclosing exhibits A and B. Review of file), from which we deduct 0.25 hour; 0.25 hour on June 24, 2004, (client letter requesting another check for appeal to cover the last one she sent, which bounced. Review of file), from which we deduct 0.25 hour; 0.25 hour on June 30, 2004, (received and reviewed check from client for appeal. Review of file), from which we deduct 0.25 hour; 1.00 hour on July 13, 2004, (prepared Affidavit of Service and clerk letter to send the same. Review of file), from which we deduct 0.90 hour; 0.25 hour on July 29, 2004, (received and reviewed file-marked copy of Affidavit of Service. Review of file), from which we deduct 0.25 hour; 0.25 hour on February 23, 2005, (client letter enclosing copy of defendant's appeal brief. Review of file), from which we deduct 0.25 hour; and 0.75 hour on July 13, 2005, (preparation of Affidavit of plaintiff and client letter enclosing the same. Review of file), from which we deduct 0.65 hour. Defendant argues that this work is not compensable under the EAJA because it could have been performed by support staff. *Granville House, Inc. v. Department of HEW,* 813 F.2d 881, 884 (8th Cir.1987) (work which could have been completed by support staff is not compensable under the EAJA). We agree. Accordingly, we deduct 3.80 hours from the total number of compensable hours sought.

Plaintiff's counsel submitted 2.00 hours on June 12, 2004, for the preparation of the Complaint, Summons and letter to the clerk. Defendant argues that the Complaint filed was a general form that was not even modified to make it applicable to plaintiff's case. We find the time submitted for the preparation of the complaint to be excessive and deduct 1.50 hours from the total number of compensable hours sought.

5

AO72A
(Rev. 8/82)

Plaintiff's counsel submitted 0.25 hour on September 7, 2004, (received and reviewed letter from SSA advising when brief is due. Review of file), from which we deduct 0.15 hour. This court concludes that the time submitted on the above referenced dates, should not have taken an attorney experienced in handling social security cases more than five or six minutes to review these documents. *Bowman v. Secretary of H.H.S.*, 744 F.Supp 898 (E.D.Ark. 1989). Therefore we are reducing the 0.25 hour submitted to 0.10 hour. We also find the 0.75 hour submitted on September 1, 2004, to read the two page Answer; and the 0.50 hour submitted on July 1, 2005, to read the court's one page Judgment to be excessive. Therefore we are reducing the time submitted on the above dates by 0.50 hour and 0.45 hour, respectively. Accordingly, we deduct 1.10 hours from the total number of compensable hours sought.

Finally, counsel seeks reimbursement for $202.52 in expenses incurred with regard to the filing fee, postage and photocopying. Such expenses are recoverable under the EAJA and we find $202.52 to be a reasonable award. *See Kelly v. Bowen*, 862 F.2d 1333, 1335 (8th Cir. 1988).

Based on the above, we recommend awarding plaintiff's attorney fees under the EAJA for: 9.10 (15.50-6.4) attorney hours, at the rate of $140.00 per hour, and for $202.52 in expenses, for a total attorney's fee award of $1,476.52 This amount should be paid in addition to, and not out of, any past due benefits which plaintiff may be awarded in the future. **The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

AO72A
(Rev. 8/82)

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the plaintiff.

Dated this 28th day of March 2006.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)